Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, **Attorney** (CSBN #176106)
Office of the Solicitor (Sol#0717696)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-4983
    Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

JS-6

UNITED STATES DISTRICT COURT

FOR THE

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**[1], <br>    Secretary of Labor, <br>    United States Department of Labor, <br><br>               Plaintiff, <br><br>               v. <br><br> **PADILLA CONSTRUCTION, INC.**, a California corporation, <br> **PADILLA CONSTRUCTION OF NEVADA, INC.** a Nevada Corporation; <br> **RALPH PADILLA,** an Individual; and <br> **JOE LOPEZ**, an Individual, <br>              Defendants. | Case No.: SACV 06-1152-CJC (PJWx) <br><br><br> **CONSENT JUDGMENT** |

     Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants Padilla Construction, Inc., a California corporation; Padilla Construction of Nevada, Inc., a Nevada corporation; Ralph Padilla, an individual; and Joe Lopez, an individual (collectively, "Defendants"), have agreed to resolve

---

[1] The caption of this pleading is amended pursuant to Fed.R.Civ.Pr. 25(d) to re-

the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

A.   The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).  Among other things, the Secretary alleges that Defendants failed to treat time spent by employees at the construction yard as time worked, and allegedly failed to pay overtime.  Defendants deny those allegations and all others asserted in the Secretary's Complaint.

B.   Defendants have appeared by counsel and acknowledge receipt of a copy of the Secretary's Complaint.

C.   The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

D.   The parties admit that the Court has jurisdiction over them and the subject matter of this civil action, and that venue lies in the Central District of California.

It is therefore, as agreed by the parties, and upon motion of the attorneys for the Secretary,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, pursuant to FLSA § 17, 29 U.S.C. § 217, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2) and 215(a)(5), in any of the following manners:

1.   Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, or is employed in an enterprise

---

flect the appointment of Hilda L. Solis as Secretary of Labor.

engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

 2. Defendants shall make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

 3. Defendants, jointly and severally, shall not withhold the payment of $ 800,000.00 in unpaid overtime pay found by the Secretary to be due under the FLSA to the employees named on the attached Exhibit 1 for the period of time from July 1, 2003 to the present.  Exhibit 1 shows the name of each employee, the gross back wage amount found by the Secretary to be due the employee, and the period covered by the Consent Judgment; and it is further

 ORDERED, ADJUDGED, AND DECREED that judgment is hereby entered, pursuant to FLSA § 16(c), 29 U.S.C. § 216(c), in favor of the Secretary and against the Defendants in the total amount of $800,000.00 representing the back wages as described in paragraph 3 above; and it is further

 ORDERED, ADJUDGED, AND DECREED that the Defendants, jointly and severally, shall not withhold $25,000.00 in civil money penalties assessed by the Secretary against Defendants, pursuant to FLSA § 16(e), 29 U.S.C. § 216(e), for violations of the overtime wage provisions of the FLSA found by the Secretary during the period of July 1, 2003 to present; and it is further

 ORDERED that to satisfy the monetary portions of this Judgment, the Defen-

dants, jointly and severally, shall deliver to the Secretary's authorized representatives (at the address below) an initial payment of $160,000.00 on or before June 5, 2009, with the balance plus annual interest of 2.5% to be paid in 19 quarterly installments thereafter starting on September 1, 2009.   The last payment shall be made on March 1, 2014.  The installment payment schedule is set forth on the attached Exhibit 2.

    a.  All payments shall be delivered to the Secretary's authorized representatives at the Wage and Hour Division, United States Department of Labor, 770 The City Drive, Suite 5710, Orange, CA, 92868, on or before the date the payments are due as set forth in Exhibit 2.  Delivery by U.S. mail shall suffice, and shall be deemed timely made if post-marked by the date called for in Exhibit 2;

    b.  Payments 1, 3, 5, 7, 9, 11, 13, 15, 17, and 19 shall be made by a certified or cashier's check, or money order payable to the order of the "Wage & Hour Div., Labor" and with "Padilla-BWs" written thereon;

    c.  Payments 2, 4, 6, 8, 10, 12, 14, 16, 18 and 20 shall be made by a certified or cashier's check, money order or Defendants' personal or company check, payable to the order of the "Wage & Hour Div., Labor" and with "Padilla-BWs" written thereon;

        i.  Payment 2 is allocated between the backwage and civil penalty provisions of this Judgment.  The backwage payment of $ 12,228.36 shall be made payable to the order of the "Wage & Hour Div., Labor" and have "Padilla-BWs" written thereon.  The payment of $25,000 for civil money penalties shall be made payable to the order of the "Wage & Hour Div., Labor" and have "Padilla-CMPs" written thereon.

    d.  There will be no prepayment penalty for any payments made prior to their due date;

    e.  In the event of a default in the timely making of any of the payments required under this Judgment, the full amount which then remains unpaid, plus interest at the rate of ten percent (10%) per year, from the date of this Judgment

1     until the full amount of this Judgment is paid in full, shall become due and pay-
2       able upon the Secretary's sending by certified mail a written demand to the last
3       business address of the Defendants then known to the Secretary;
4 The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to
5 the persons named in the attached Exhibit 1, or to their estates if that be necessary, in
6 her sole discretion.  The Secretary shall be responsible for deducting from the amounts
7 paid to said persons the employees' share of F.I.C.A. and federal income taxes, and for
8 remitting said deductions to the appropriate federal agencies.  Any money not so paid
9 within a period of one year from the date of receipt of the last such money due here-
10 under, because of an inability to locate the proper persons or because of their refusal
11 to accept it, shall be deposited by the Secretary in a special deposit account for pay-
12 ment to the proper persons and upon such inability to pay within three years, shall
13 then be deposited in the Treasury of the United States as miscellaneous receipts, pur-
14 suant to 29 U.S.C. § 216(c); and, it is further

15     ORDERED that the filing, pursuit, and/or resolution of this proceeding with the
16 entry of this Judgment shall not act as or be asserted as a bar to any action under
17 FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Ex-
18 hibit 1 nor as to any employee named on the attached Exhibit 1 for any period not
19 specified therein; and, it is further

20     ORDERED that each party shall bear its own fees and other expenses incurred
21 by such party in connection with any stage of this proceeding, including but not lim-
22 ited to attorneys' fees, which may be available under the Equal Access to Justice Act,
23 as amended; and, it is further

24     ORDERED that this Court shall retain jurisdiction of this action for purposes of
25 enforcing compliance with the terms of this Consent Judgment.

27 Dated: June 5, 2009                           _____
28                                                      U.S. DISTRICT COURT JUDGE

1  For the Defendants:

2  Each defendant hereby appears, waives any
3  defense herein, consents to the entry of
   this Judgment, and waives notice by the
4  Clerk of Court:

5

6  For: PADILLA CONSTRUCTION COMPANY

7

8  By: _____     _____
9          Authorized Agent                          Date

10 Its: _____
11

12 For: PADILLA CONSTRUCTION COMPANY OF NEVADA
13

14 By: _____     _____
15         Authorized Agent                          Date

16 Its: _____
17

18

19 _____          _____
20 RALPH PADILLA                                      Date

21

22

23 _____          _____
   JOE LOPEZ                                          Date
24

25

26
   PAUL, HASTINGS, JANOFSKY & WALKER, LLP
27

28
   _____

**Consent Judgment** (Sol#0717696)                              **Page 6 of 9**

| | |
|---|---|
| 1 | JAMES P. CARTER |
| 2 | Paul, Hastings, Janofsky & Walker, LLP |
| | 695 Town Center Drive, 17th Floor |
| 3 | Costa Mesa, CA  92626-1924 |
| 4 | Attorneys for the Defendants |
| 5 | |
| 6 | For the plaintiff: |
| 7 | CAROL A. DEDEO |
| | Deputy Solicitor for National Operations |
| 8 | |
| 9 | LAWRENCE BREWSTER |
| | Regional Solicitor |
| 10 | |
| 11 | DANIEL J. CHASEK |
| 12 | Associate Regional Solicitor |
| 13 | |
| 14 | _____    _____ |
| 15 | SUSAN SELETSKY, Attorney                         Date |
| | Attorneys for the Plaintiff |

<u>Exhibit 1</u>

**FILED MANUALLY**

**SEE NOTICE OF MANUAL FILING**

**OF EXHIBIT 1 TO CONSENT JUDGMENT**

Exhibit 2

**Payment Schedule**

| Payment No. | Date due | Principal | Interest | Total Due | Allocation* |
|---|---|---|---|---|---|
| 1 | 06/05/09 | $160,000.00 | 0 | $ 160,000.00 | 160,000.00-BW |
| 2 | 09/01/09 | 33,072.13 | $ 4,156.25 | 37,228.38 | 12,228.38-BW<br>25,000  -CMP |
| 3 | 12/01/09 | 33,278.83 | 3,949.55 | 37,228.38 | 37,228.38-BW |
| 4 | 03/01/10 | 33,486.82 | 3,741.56 | 37,228.38 | 37,228.38-BW |
| 5 | 06/01/10 | 33,696.12 | 3,532.26 | 37,228.38 | 37,228.38-BW |
| 6 | 09/01/10 | 33,906.72 | 3,321.66 | 37,228.38 | 37,228.38-BW |
| 7 | 12/01/10 | 34,118.63 | 3,109.75 | 37,228.38 | 37,228.38-BW |
| 8 | 03/01/11 | 34,331.88 | 2,896.50 | 37,228.38 | 37,228.38-BW |
| 9 | 06/01/11 | 34,546.45 | 2,681.93 | 37,338.38 | 37,228.38-BW |
| 10 | 09/01/11 | 34,762.36 | 2,466.02 | 37,228.38 | 37,228.38-BW |
| 11 | 12/01/11 | 34,979.63 | 2,248.75 | 37,228.38 | 37,228.38-BW |
| 12 | 03/01/12 | 35,198.25 | 2,030.13 | 37,228.38 | 37,228.38-BW |
| 13 | 06/01/12 | 35,418.24 | 1,810.14 | 37,228.38 | 37,228.38-BW |
| 14 | 09/01/12 | 35,639.61 | 1,588.77 | 37,228.38 | 37,228.38-BW |
| 15 | 12/01/12 | 35,862.35 | 1,366.03 | 37,228.38 | 37,228.38-BW |
| 16 | 03/01/13 | 36,086.49 | 1,141.89 | 37,228.38 | 37,228.38-BW |
| 17 | 06/01/13 | 36,312.03 | 916.35 | 37,228.38 | 37,228.38-BW |
| 18 | 09/01/13 | 36,538.98 | 689.40 | 37,228.38 | 37,228.38-BW |
| 19 | 12/01/13 | 36,767.35 | 461.03 | 37,228.38 | 37,228.38-BW |
| 20 | 03/01/14 | 36,997.13 | 231.23 | 37,228.36 | 37,228.36-BW |

*This column shows the allocation of the moneys towards the backwage ("BW") or civil money penalty ("CMP") portion of the Judgment.

**Consent Judgment** (Sol#0717696)